## SECOND DEPARTMENT, JUNE, 1965

### (June 1, 1965)

■ ELEANOR A. DE MILIO et al., Respondents, v. ANTHONY P. DE MILIO, SR., et al., Appellants.— In a negligence action by the female plaintiff to recover damages for personal injury sustained by her when she fell on a stairway in the defendants' home, and by her husband to recover damages for medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Dutchess County, entered November 6, 1964 after trial, upon a jury's verdict in the plaintiffs' favor. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. At the time of the accident, the female plaintiff was a social guest in defendants' home. With her infant child in her arms, she was descending the stairway leading to the basement where dinner was to be served by her hosts, the defendants. Of course, as a social visitor she took the premises as she found them, and defendants were obliged only: (1) to disclose dangerous defects known to them and not likely to be discovered by her; and (2) to refrain from inflicting intentional, wanton or willful injury upon her (Krause v. Alper, 4 N Y 2d 518; Cesario v. Chiapparine, 21 A D 2d 272, 276–277; Zalak v. Carroll, 20 A D 2d 823, revd. on other grounds 15 N Y 2d 753; Schlaks v. Schlaks, 17 A D 2d 153, 155; Fauci v. Milano, 15 A D 2d 939, affd. 12 N Y 2d 926). Here, the proof disclosed only that the female plaintiff was caused to fall by a hole or other defect in the rubber mat on the stairway; that the mats were old, worn out and "chewed away"; and that there was no guardrail or handrail. There was no evidence as to the size of the hole or as to the extent of the mat's deterioration or as to the length of time the

deteriorated condition may have existed. Such evidence would have been relevant to show, that defendants must have been aware, especially in the absence of a guardrail, that the defective mat constituted a hazard and a danger which a visitor would not ordinarily perceive and with respect to which due warning should have been given. In the absence of such evidence and upon the record as a whole, it is our opinion that there was insufficient basis for the jury's implicit findings: (a) that dangerous defects existed on the stairway which were not likely to have been discovered by the female plaintiff as she was descending the stairway with her infant child, and (b) that defendants knew of such defects but failed to give her timely warning of them. Under the circumstances, we have concluded that the jury's verdict was against the weight of the evidence and that in the interests of justice a new trial should be had. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.